**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GIOBEL CRUZATA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-00331-FM** |
| | § | |
| **WAL-MART STORES TEXAS, LLC and** | § | |
| **WAL-MART SUPERSTORES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER**
**SUMMARY JUDGMENT**

On this day, the court considered Defendants Wal-Mart Stores Texas, LLC and Wal-Mart

Superstores, Inc.'s (collectively, "Defendants") "Defendants' Motion to Reconsider Summary

Judgment" ("Motion for Reconsideration") [ECF No. 81], filed April 14, 2015; "Plaintiff's

Response in Opposition to Defendants' Motion to Reconsider Summary Judgment" ("Response")

[ECF No. 82], filed April 21, 2015; and "Defendant Wal-Mart's Reply to Plaintiff's Response to

Motion to Reconsider Summary Judgment" ("Reply") [ECF No. 83], filed April 28, 2015.  After

considering the Motion for Reconsideration, Response, Reply, and applicable law, the Motion for

Reconsideration is **DENIED**.

The facts of this case have been discussed previously in the "Order Denying Defendants'

Motion for Summary Judgment" ("Summary Judgment Order"), and are incorporated by

reference into this order.[1]

I.      **PARTIES' ARGUMENTS**

Defendants re-assert they are entitled to summary judgment on four issues.  First, they

---

[1] ECF No. 58, at 1–2, entered Nov. 7, 2015.

argue that the obviousness of the pooling water relieved them of their duty to provide a warning to Plaintiff.[2]  Second, Defendants claim there is no evidence they failed to act reasonably to eliminate the risk posed by the pooling water or make the condition reasonably safe.[3]  Third, Defendants aver Plaintiff must submit expert testimony that his back injuries were caused by the accident rather than his preexisting conditions, and Plaintiff's failure to provide expert testimony entitles them to summary judgment on causation.[4]  Fourth, Defendants contend there is no competent evidence to prove Plaintiff's reasonable and necessary medical expenses, thereby entitling them to summary judgment on that category of damages.[5]

Plaintiff argues Defendants have been correctly denied summary judgment on each of the contested issues, and furthermore, have failed to present arguments entitling them to summary judgment.[6]

## II.   APPLICABLE LAW

Defendants do not state which Federal Rule of Civil Procedure supports their Motion for Reconsideration., which seeks reconsideration of the Summary Judgment Order.  Because the Motion for Reconsideration was filed more than 10 days after entry of the contested order, it will be treated as a Rule 60(b) motion for relief from an order.[7]

---

[2] Mot. Recons. 1–2 ¶¶ 2–6.

[3] *Id.* at 2–4 ¶¶ 7–10.

[4] *Id.* at 5–6 ¶¶ 11–16.

[5] *Id.* at 6–7 ¶¶ 17–21.

[6] *See generally* Pl.'s Resp.

[7] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

A.      *Rule 60(b) Motion for Relief from an Order*

Rule 60(b) enumerates six reasons for which a court may relieve a party from an order:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Defendants' Motion for Reconsideration asserts the Summary Judgment Order contains errors of law.  Accordingly, it is governed by Rule 60(b)(1).[8]  When asserting errors of law, Rule 60(b)(1) motions are only proper "to rectify an obvious error of law, apparent on the record."[9] This encompasses situations where an order "obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law."[10]

B.      *Premises Defect Claim*

Under Texas law, a premises defect claim has four elements: "(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner or occupier's failure to use such care

---

[8] *See Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (observing Rule 60(b)(1) "may be invoked for the correction of judicial error").

[9] *Id.* (footnote omitted).

[10] *Id.* (footnotes omitted).

proximately caused the plaintiff's injury."[11]  Defendants' Motion for Reconsideration contests

only the elements of reasonable care and causation, as well as Plaintiff's ability to prove

damages.  When the property owner owes a duty to exercise reasonable care to mitigate a

dangerous condition, the owner is obligated to either provide an adequate warning of the

condition or make the condition reasonably safe.[12]  Fulfilling either criterion is sufficient to

satisfy the duty to exercise reasonable care.[13]

## III.   DISCUSSION

### A.     Failure to Exercise Reasonable Care

#### 1.     Duty to Warn

Defendants assert the pooling water was sufficiently obvious that they had no duty to

warn Plaintiff of the water's danger.  The Summary Judgment Order cited the Texas Supreme

Court's opinion in *Parker v. Highland Park, Inc.*[14] for the proposition that property owners retain

a duty of reasonable care for obvious hazards.[15]  The cited section contains language which is

relevant for evaluating the narrower duty to warn:

> A plaintiff's knowledge, whether it is derived from a warning or from the facts,
> *even if the facts display the danger openly and obviously*, is a matter that bears
> upon his own negligence; *it should not affect the defendant's duty*.[16]

---

[11] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

[12] *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009).

[13] *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam).

[14] 565 S.W.2d 512 (Tex. 1978).

[15] Summ. J. Order 8 n.48.

[16] *Parker*, 565 S.W.2d at 521 (emphases added).  Although the quote does not specify what "the
defendant's duty" is, the *Parker* Court's earlier discussion indicates this refers to the duty to exercise

Even though *Parker* held that obviousness does not affect the duty to exercise reasonable care, Defendants aver a condition's obviousness nullifies the duty to warn, which is part of the duty of reasonable care.  This argument is inconsistent with *Parker*.

The Texas Supreme Court renewed *Parker*'s holding in *Del Lago Partners, Inc. v. Smith*.[17]  In doing so, the *Smith* Court repeated the above-quoted passage in its entirety, and also observed that "a plaintiff's knowledge of a dangerous condition is relevant to determining his comparative negligence but does not . . . reliev[e] the [property owner] of its duty to reduce or eliminate the unreasonable risk of harm."[18]  A property owner can reduce or eliminate risk of harm either by warning of the condition, thereby keeping people away from the condition, or by remedying the condition itself.  Upholding Defendants' argument would partially relieve them of their duty to exercise reasonable care, contrary to the Court's holdings in *Parker* and *Smith*.

Defendants point to three Texas cases for the proposition that property owners do not have a duty to warn about obvious dangers.[19]  None of these cases persuade the court that the Motion for Reconsideration should be granted.

In *Timpte Industries, Inc. v. Gish*, the Texas Supreme Court observed that there is no duty to warn of a product's open and obvious defects in some circumstances.[20]  As *Gish* is a products

---

reasonable care.  *See id.* at 516 (describing the previous state of law where "[i]f there [were] dangers which are not open and obvious, [the property owner was] under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof").

[17] 307 S.W.3d 762 (Tex. 2010).

[18] *Id.* at 772–73 (footnotes omitted) (quoting *Parker*, 565 S.W.2d at 521).

[19] Mot. Recons. 2 ¶ 5.

[20] *See* 286 S.W.3d 306, 312–14 (Tex. 2009) (holding that the danger of falling from a 5 to 5.66 inch wide rail on a tractor trailer, nearly ten feet off the ground, was an obvious risk).

liability case rather than a premises liability case, it is not clear how the case is relevant to Defendants' Motion for Reconsideration.  Defendants assert the Texas Supreme Court held in *Sauder Custom Fabrication, Inc. v. Boyd*[21] that the same standard applies to negligence claims and products liability claims.[22]  However, *Boyd*'s analysis was confined to product defects, not premises defects.[23]  *Boyd* had nothing to say about a duty to warn in the context of premises defects.  As Defendants have failed to explain how products liability analysis applies to Plaintiff's premises defect claim, *Gish* is not persuasive.

In *Wilson v. Agri-Empressa, Inc.*, the Second Court of Appeals quoted the Texas Supreme Court's opinion in *Coastal Marine Service of Texas, Inc. v. Lawrence* in noting that a property owner "has a duty to inspect the premises and warn the independent contractor/invitee of dangerous conditions that are not open and obvious and that the owner knows or should have known exist."[24]  However, both the appeals court and Texas Supreme Court cases pre-dated *Smith*.  Accordingly, *Smith*'s language, which disclaims any effect of obviousness on the duty to exercise reasonable care, is more persuasive.  Furthermore, *Lawrence*'s discussion of "open and obvious" dangers applied to a subcategory of premises defects that were irrelevant to the

---

[21] 967 S.W.2d 349 (Tex. 1998).

[22] Mot. Recons. 2 ¶ 4.

[23] *See* 967 S.W.2d at 349 ("The principal issue in this case is whether the obviousness of a risk is to be determined from the perspective of an average person or an average user *of the product*.") (emphasis added).

[24] No. 2-07-143-CV, 2008 WL 467379, at *3 (Tex. App.—Fort Worth Feb. 21, 2008, no pet.) (emphasis removed) (quoting *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999) (per curiam))

*Lawrence* Court's holdings.[25]  Therefore, because *Wilson* relied on dicta, it is even less

persuasive in light of the Court's subsequent holding in *Smith*.

The final case Defendants point to is *Zavala v. Burlington Northern Santa Fe Corp.*[26]  In

*Zavala*, the Eighth Court of Appeals quoted *Kansas City Southern Railroad Co. v. Guillory*[27] for

the proposition that a property owner "has no duty to warn a business invitee of dangerous

condition [sic] that are obvious."[28]  The *Guillory* court's observation relied on the rule that

property owners have no duty of reasonable care towards invitees for obvious premises defects.[29]

Fourteen years after *Guillory*, the *Parker* Court repudiated that rule and, consequently, the

section quoted in *Zavala*.  For these reasons, Defendants' use of *Zavala* is entirely unpersuasive.

In light of *Parker* and *Smith*, and Defendants' failure to present any persuasive

countervailing authority, Defendants' duty to warn Plaintiff continued to exist even if the "facts

display[ed] the danger openly and obviously."[30]  Defendants' Motion for Reconsideration is

denied regarding the duty to warn.

---

[25] *See Lawrence*, 988 S.W.2d at 225 ("Under the first subcategory, the premises owner has a duty to inspect the premises and warn the independent contractor/invitee of dangerous conditions that are not open and obvious . . . .  [However,] this case must be considered under the second premises defect subcategory.").

[26] 355 S.W.3d 359 (Tex. App.—El Paso 2011, no pet.).

[27] 376 S.W.2d 72 (Tex. Civ. App.—Beaumont 1964, writ ref'd n.r.e.).

[28] *Zavala*, 355 S.W.3d at 366 (quoting *Guillory*, 376 S.W.2d at 75).

[29] *See Guillory*, 376 S.W.2d at 75–76 (quoting a previous edition of *Corpus Juris Secundum* for the rule that "[t]he duty to keep premises safe for invitees applies only to defects which are in the nature of hidden dangers, and the invitee assumes all normal or obvious risks attendant on the use of the premises."

[30] *Parker*, 565 S.W.2d at 521.  For purposes of Defendants' Motion for Reconsideration, it is unnecessary to determine whether the pooling water was an obvious premises defect.

2.      Duty to Make the Pooling Water Reasonably Safe

Defendants claim there is no evidence they failed to make the pooling water reasonably safe.  The record indicates an employee of Defendants, Jose Martinez ("Martinez"), entered a store bathroom, saw Plaintiff and the pooling water, shouted something,[31] and went to seek assistance.[32]  A short time afterward, Plaintiff slipped and fell on the pooling water.[33]

Defendants do not dispute that an employee noticed the pooling water before Plaintiff's fall.  However, Defendants aver their employees' prompt reactions entitle Defendants to summary judgment on the issue of failing to make the pooling water reasonably safe.[34] Defendants cite multiple cases indicating that a prompt response to a premises defect, in the absence of other evidence indicating a lack of reasonable care, is enough to obtain summary judgment.[35]  The relevant events in those cases follow the same pattern: an employee is provided notice of a spill, the employee promptly proceeds towards the site of the spill, a customer slips and falls, the employee arrives at the spill and takes remedial action.[36]  Based on the facts of

---

[31] It is unclear whether the exclamation was intended to warn Plaintiff.

[32] "Defendants' Motion for Summary Judgment," Ex. 3 ("Martinez's Testimony"), at 35:19–36:17, 45:3–4, ECF No. 39-1, filed Sept. 8, 2014.

[33] It is unclear whether Martinez returned to the bathroom before Cruzata fell.  *Compare* Defs.' Mot. Summary Judgment, Ex. 2 ("Plaintiff's Testimony"), at 25:10–14, ECF No. 39-1 (Plaintiff testifying the same employee who entered the restroom, shouted something, and left returned shortly after he fell), *with* Martinez's Test. 51:16–52:8 (Martinez testifying he returned to the bathroom before Cruzata fell to look for cones).

[34] Mot. Recons. 3–4 ¶ 9.

[35] *Id.*

[36] *Loberg v. HEB Grocery Co., L.P.*, No. 04-10-00877-CV, 2011 WL 4828198, at *1 (Tex. App.—San Antonio Oct. 12, 2011, pet. denied); *Wal–Mart Stores, Inc. v. Chavez*, 81 S.W.3d 862, 863 (Tex. App.—San Antonio 2002, no pet.).

those cases, courts found there was no evidence of a failure to make a condition reasonably safe.[37]

In the instant case, the evidence is ambiguous.  The record indicates that before Plaintiff fell, Martinez was at the site of the accident and observed both Plaintiff and pooling water.[38] There is one significant difference between this case and Defendants' cited cases:  Martinez had an opportunity to reduce the risk to Plaintiff before the accident.  Even though the facts indicate Martinez responded promptly to the premises defect, it is for the fact finder whether Martinez acted with reasonable care with regard to Plaintiff by yelling something and leaving the bathroom.[39]

Because there is a question of fact about Martinez's opportunity to reduce the danger to Plaintiff before the accident, Defendants' Motion for Reconsideration is denied on the issue of failing to make the pooling water reasonably safe.

B.    Causation

Defendants argue Plaintiff is required to submit expert testimony as to what caused his back injuries, because there is evidence Plaintiff had back problems which pre-dated his accident. Because Plaintiff has failed to submit such testimony, Defendants propound, they are entitled to summary judgment on causation.

In diversity jurisdiction cases, the court must look to Texas law to determine what

---

[37] *Loberg*, 2011 WL 4828198, at *1; *Chavez*, 81 S.W.3d at 865.

[38] Martinez's Test. 35:19–36:17.

[39] Although a warning may have sufficed, no opinion is expressed as to whether Martinez provided an adequate warning.

evidence is required.[40]   The Texas Supreme Court expressed the general rule on when lay

testimony is sufficient to prove causation in *Guevara v. Ferrer*:

> [Lay] evidence establishing a sequence of events which provides a strong, logically
> traceable connection between the event and the condition could suffice to support a
> causation finding between the . . . accident and basic physical conditions which (1)
> are within the common knowledge and experience of laypersons, (2) did not exist
> before the accident, (3) appeared after and close in time to the accident, and (4) are
> within the common knowledge and experience of laypersons, caused by [such]
> accidents.[41]

Defendants assert Plaintiff's back conditions existed before his accident.  Though there is some

evidence Plaintiff had preexisting back conditions,[42] Plaintiff's testimony indicates the accident,

at minimum, aggravated existing conditions.  Plaintiff testified that immediately after the

accident, his back was in "a great deal of pain" and he was unable to walk.[43]   Furthermore,

Plaintiff stated that he was employed as a truck driver before his accident, but he was never able

to return to work because of his injuries.[44]   Based on Plaintiff's testimony, there is evidence the

accident at minimum aggravated existing back conditions, leaving him, at least temporarily, in

great pain, unable to walk, and unable to drive a truck.  Although it may be difficult to separate

the effect of the accident from the effects of preexisting conditions, it is for the jury to sort out

the source and extent of Plaintiff's back injuries resulting from this incident, if any.

---

[40] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004).

[41] 247 S.W.3d 662, 667 (Tex. 2007).

[42] *See, e.g.*, Defs.' Mot. Summ. J., Ex. 6, at 1, ECF No. 39-1 (noting "a pattern of moderate
multilevel long-standing degenerative discopathic changes and degenerative facet changes" in Plaintiff's
back").

[43] Pl.'s Test. 23:24–24:2, 37:24–38:3.

[44] *Id.* at 9:6–9; 43:18–44:7.

The two cases cited in support of Defendants' argument do not change this conclusion. In *Guevara*, the Texas Supreme Court analyzed causation evidence regarding an automobile accident. The Court observed that a causal link for some medical expenses did not require proof by expert testimony, as "it would be within the general experience and common knowledge of laypersons that the accident caused [the decedent] to be transported to a medical care facility and to be cared for medically to some degree."[45]   On the other hand, the Court found expert testimony necessary for a diverse set of medical services:

> [The decedent]'s treatments . . . included, among other expenses, the cost of (1) at least two abdominal surgeries; (2) three separate confinements in health care facilities, one of which was for over three months; (3) a great variety and quantity of various pharmaceutical supplies, medicines, and drugs; (4) numerous varied laboratory procedures; (5) extensive treatments for respiratory failure and therapy; (6) physical therapy of various kinds; (7) treatments for kidney failure; and (8) a great assortment and quantity of 'central supply' and miscellaneous medical charges.[46]

Because no expert testimony was presented to link any of these services to the automobile accident, the Court held the plaintiff had failed to adequately prove this part of his case.[47]

By contrast to *Guevara*, lay evidence has been presented to link Plaintiff's back injuries to his accident, and a reasonable jury could ascertain if Plaintiff's back injuries were caused by his back hitting the ground during the accident. As Plaintiff's injuries are less complicated than those evinced in *Guevara*,[48] the *Guevara* Court's conclusion is not applicable.

In *Coastal Tankships, U.S.A., Inc. v. Anderson*, the First Court of Appeals held that

---

[45] *Guevara*, 247 S.W.3d at 667.

[46] *Id.* at 669.

[47] *Id.* at 669–70.

[48] In evaluating the decedent's injuries in *Guevara*, the Court observed that his "medical course clearly was not smooth or simple."  *Id.* at 669.

expert testimony was required to prove naphtha inhalation causes bronchiolitis obliterans organizing pneumonia ("BOOP").[49]  However, not only was the *Anderson* court dealing with a less common condition (BOOP) than the one Plaintiff is asserting (back injuries), there was no evidence in the record indicating a causal link between naphtha and BOOP:

> Dr. Miller was not aware of any literature associating BOOP with exposure to chemicals other than oxides of nitrogen, which he conceded are found 'everywhere.' Similarly, Dr. Wilson testified that he was unable to find any literature connecting BOOP to naphtha exposure.  Dr. Wilson also testified without dispute that the medical literature associates BOOP with only limited chemical agents, such as nitrogens of oxide, which naphtha does not contain.[50]

In contrast to the linkage between naphtha and BOOP in *Anderson*, common sense indicates blunt force trauma to the back can cause back injuries.  Plaintiff has provided evidence his back was injured after it hit the ground, and thus, there is no need for expert testimony to establish a common-sense causal mechanism.

As Plaintiff has submitted evidence he suffered back injuries contemporaneous with his accident, he was not required to submit expert testimony on causation in response to evidence of preexisting conditions.[51]  For these reasons, Defendants' Motion for Reconsideration is denied on the issue of causation.

C.    *Evidence of Damages*

Defendants argue the record does not contain competent evidence of medical expenses,

---

[49] 87 S.W.3d 591, 603 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

[50] *Id.* at 597.

[51] Defendants have not submitted expert testimony stating that Plaintiff's back injuries were caused by preexisting conditions rather than the accident.  No opinion is expressed as to whether Plaintiff must submit expert testimony in response to expert testimony on alternative causation.

thereby making summary judgment proper for failure to prove those expenses.

When the Summary Judgment Order denied summary judgment on this issue, it noted affidavits had been submitted as to the existence of medical expenses, as well as their reasonableness and necessity.[52]  Defendants' Motion asserts the affidavits are not competent evidence as they were written by business records custodians rather than physician doctors.[53] However, Tex. Civ. Prac. & Rem. Code § 18.001 ("section 18.001") authorizes such affidavits to prove the reasonableness and necessity of medical expenses, even if they are made by business records custodians rather than physicians.[54]

Although Defendants concede the affidavits were written pursuant to Texas law, they assert Texas's procedure is not applicable in federal court.[55]  As previously discussed, the court must look to Texas law to determine what evidence is required to prove an issue.[56]  Defendants cite no authority indicating that section 18.001 is not applicable to evaluate their motion, and at least one federal court has found that section 18.001 applies in federal courts.[57]  Accordingly, the court holds section 18.001 applies to this case, thereby making the contested affidavits competent to create a fact issue on medical expenses.

---

[52] Summ. J. Order 13.

[53] Mot. Recons. 6 ¶ 18.

[54] Tex. Civ. Prac & Rem. Code § 18.001(c)(2)(B); *Castillo v. Am. Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App.—El Paso 1998, no pet.).

[55] Mot. Recons. 6 ¶ 18.

[56] *Hamburger*, 361 F.3d at 884.

[57] *See Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006) (holding that a plaintiff "may make a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c)").

Alternatively, Defendants contend the affidavits were untimely submitted after the discovery deadline, thus leaving no admissible evidence of reasonableness and necessity of medical expenses.[58]  Defendants' Motion for Reconsideration does not contain authority mandating exclusion of untimely submitted evidence.  Therefore, Defendants have failed to show why excluding the affidavits is proper.[59]

Because there is competent evidence as to reasonable and necessary medical expenses, summary judgment is not proper regarding evidence of medical expenses.[60]

IV.   **CONCLUSION**

For the above-discussed reasons, "Defendants' Motion to Reconsider Summary Judgment" [ECF No. 81] is **DENIED**.

**SO ORDERED.**

**SIGNED** this **1st** day of **May, 2015**.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[58] Mot. Recons. 6–7 ¶ 18.

[59] No opinion is expressed as to whether other sanctions may be appropriate if Plaintiff failed to comply with the discovery deadline.

[60] In light of the affidavits, there is no need to consider whether other filings create fact issues regarding medical expenses.  *See id.*  ¶¶ 17, 19–20 (disputing whether a table of balances and payments and allegations of ongoing medical treatment create fact issues concerning medical expenses).